IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| STATE OF MISSOURI, ex rel., JEREMIAH W. NIXON, Missouri Attorney General, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 08-4274-CV-C-NKL |
| KENNETH BAUMRUK, Register No. 1063274, | ) ) ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

Defendant Kenneth Baumruk has filed a notice of removal, pursuant to 28 U.S.C. §§ 1441 and 1446, of a civil action filed on September 30, 2008, in the 19th Judicial Circuit Court of Cole County, Missouri.[1]

The State of Missouri, via the Missouri Attorney General, has filed suggestions in opposition for removal and motion for remand. Baumruk has filed reply suggestions in support of removal.

"A defendant may remove a state court claim to federal court only if the claim originally could have been filed in the federal court, . . . ." Gore v. Transworld Airlines, 210 F.3d 944, 948 (8th Cir. 2000). To be filed in federal court, there must either be diversity of citizenship, or a federal question. In this case, Baumruk pleads his case involves a federal question. Baumruk alleges that his claims are covered by the federal ERISA law.

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Id.

---

[1] This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

In the instant case, the State of Missouri's state court petition, which Baumruk seeks to have removed to federal court, is based only on state law, Mo. Rev. Stats. §§ 217.825 -.841. The State's petition makes no mention of any federal law or the Employee Retirement Income Security Act (ERISA). Under the well-pleaded complaint rule, a defense or a potential defense raising a federal issue is not part of a plaintiff's claim and should not be considered when determining whether removal is appropriate. Gore, 210 F.3d at 948; Rivet v. Regions Bank of Louisiana, 522 U.S. 470, 474-75 (1998). Thus, Baumruk's claims are typically not removable to federal court based on his defense that the pension monies deposited into his inmate account are protected by the federal statutes of ERISA. However, the well-pleaded complaint rule does not apply if Congress has evidenced an intent that federal law completely displace state law. Lyons v. Phillip Morris, Inc., 225 F.3d 909, 912 (8th Cir. 2000).

ERISA, which Baumruk asserts in defense of the State of Missouri's Petition for Incarceration Reimbursement, is a comprehensive federal statute that sets certain uniform standards and requirements for employee benefit plans. Congress enacted ERISA to regulate comprehensively certain employee benefit plans and to protect the interest of participants in these plans by establishing standards of conduct, responsibility, and obligations for fiduciaries. Prudential Ins. Co. of America v. National Park Medical Center, 413 F.3d 897, 906-07 (8th Cir. 2005). To meet the goals of a comprehensive and pervasive Federal interest, and the interests of uniformity with respect to interstate plans, Congress provided for preemption in some circumstances. Id.

There are two types of preemption under federal ERISA law: (1) complete preemption under ERISA § 502, 29 U.S.C. § 1132; and (2) express preemption under ERISA § 514, 29 U.S.C. § 1144. Id. at 907.

ERISA § 502(a)(1)(B) provides: "A civil action may be brought - (1) by a participant or beneficiary- . . . (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B).

A state claim is completely preempted when the civil remedies in section 502(a) are applicable to the cause of action. This is because any state law cause of action that duplicates,

2

supplements or supplants ERISA's civil enforcement remedy, conflicts with the clear congressional intent to make the ERISA remedy exclusive, and, therefore, the state law is preempted. Aetna Health Inc. v. Davila, 542 U.S. 200, 209 (2004). Thus, any claim filed by a plan participant for the same relief provided under ERISA's civil enforcement provision, section 502(a), even a claim that purportedly raises only a state law cause of action is deemed to arise under federal law, and is automatically removable to federal court. Prudential Ins. Co. of America, 413 F.3d at 907.

ERISA's express preemption clause preempts any state law that relates to any employee benefit plan. Id. (citing 29 U.S.C. § 1144(a)). Unlike total complete preemption, however, express preemption does not allow for automatic removal to federal court; but rather only provides an affirmative defense against claims not completely preempted by ERISA. Id.

When ERISA is asserted as a claim or a defense, Aetna Health, Inc. v. Davila, 542 U.S. at 210, provides a two-part test to determine whether complete ERISA preemption is applicable: (1) could the claims have been brought under ERISA § 502(a)(1)(B); and (2) was any other legal duty independent of ERISA or the plan terms violated.

In the instant case, the facts set forth in Baumruk's petition for removal and the State of Missouri's suggestions in opposition, fail to support either that Baumruk's claims challenging the State of Missouri's Petition for Incarceration Reimbursement could have been brought originally in federal court under section 502(a)(1)(B), or that the relevant legal duties are not independent of ERISA. Despite Baumruk's allegations that ERISA is applicable to his claims because the State of Missouri has attempted to divert his pension monies and make the State the direct beneficiary of his pension plan, the Petition for Incarceration Reimbursement clearly shows that the State of Missouri has not attempted to do what plaintiff alleges. Unlike DaimlerChrysler Corp. v. Cox, 447 F.3d 967, 970-74(6th Cir. 2006), cert. denied, ___ U.S. ___, 127 S. Ct. 2971 (June 18, 2007), where the court found the state was attempting to order undispersed pension monies be paid to the inmate's institutional account, contrary to the designation of the inmate beneficiary, the pension monies at issue in this case involve pension benefit monies that have already been dispersed to Baumruk, the beneficiary, at the prison's address provided by Baumruk. The Petition for Incarceration Reimbursement specifically states that Baumruk had

3

already "received in his inmate account two pension retirement checks from Boeing Company Pension Trust totaling $21,529.20." Monies from pension funds are not protected from creditors under ERISA once dispersed to the beneficiary. DaimlerChrysler Corp. v. Cox, 447 F.3d at 974 (where benefits have been dispersed to a beneficiary and left the hands of the pension plan, creditors may encumber the proceeds). This is because the pension benefit plan is no longer obligated to protect pension payment from alienation once the benefits have already been disbursed at the direction of the beneficiary. Id. at 975. See also Gale v. General Motors, 556 F. Supp. 689 ( E.D. Mo. 2008) (GM did not violate ERISA by sending plaintiff's pension checks to the prison when plaintiff himself authorized GM to send his checks to the prison). In DaimlerChrysler Corp. v. Cox, 447 F.3d at 976, the court stated that the State of Michigan could reach pension benefit payments made to prisoners, but must wait until the payments are received, at the direction of the inmate, before encumbering them. Thus, although the monies received in Baumruk's inmate account are from his pension benefits plan, the State of Missouri seeking reimbursement from such funds, pursuant to the Missouri Incarceration Reimbursement Act (MIRA), after the funds have already been properly dispersed to Baumruk, does NOT implicate ERISA § 502(a)(1)(B). Neither are Baumruk's claims challenging the MIRA dependent on ERISA or the terms or benefits of his pension plan. Missouri Supreme Court has specifically found that the MIRA does not impair an inmate's contract to his pension, because an MIRA judgment specifically requires the pension monies to be paid to the inmate in his inmate account and does not direct payment to another. State, ex rel., Nixon v. Powell, 167 S.W.3d 702, 705 (Mo. 2005). The court held that the MIRA judgment affects the inmate's account, and not the relation between the inmate and the pension payer. Id. Compare with DaimlerChrysler Corp. v. Cox, 447 F.3d 967 (Michigan statute authorizing reimbursement from inmates for costs of incarceration not completely preempted by ERISA so long as statute does not impose direct or indirect obligations on an ERISA plan while the funds are still under the plan's control).

Thus, Baumruk's claim that ERISA has been violated by the MIRA, and complete preemption is applicable, is not supported by his petition for removal. Baumruk is not suing to recover benefits due to him under the plan, because the benefits have already been paid to his inmate account. The State of Missouri's Petition for Incarceration Reimbursement seeking to

4

attach funds after they have been received at Baumruk's institutional address, as he provided, and deposited into his inmate account, is not an action that could be brought in federal court under ERISA § 502(a)(1)(B), neither are the legal duties at issue dependent on ERISA. Baumruk's petition for removal fails to support complete preemption by ERISA.

At very best, ERISA's express preemption could be argued applicable, but express preemption does not mandate removal to federal court. See Prudential Ins. Co. of America, 413 F.3d at 907.

Thus, because Baumruk's petition for removal is based only on his asserted federal ERISA defense, which does not completely preempt the State of Missouri's state law claims asserted on the face of the Petition for Incarceration Reimbursement, the petition, as filed in state court by the State of Missouri, could not have been originally filed in federal court. Therefore, as set forth above, federal question jurisdiction is not applicable, and no proper basis exists for granting Baumruk's petition for removal.

IT IS, THEREFORE, RECOMMENDED that defendant Baumruk's request to proceed in forma pauperis on his notice of removal be denied. [2] It is further

RECOMMENDED that the motion to remand filed by the State of Missouri be granted and the State of Missouri's Petition for Incarceration Reimbursement be remanded to the Cole County, Missouri, Circuit Court. [6]

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 16th day of March, 2009, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge

6